UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH SCULFIELD,

    Plaintiff,

    v.                                       CAUSE NO. 3:20-CV-813-JD-MGG

THE STATE OF INDIANA, et al.,

    Defendants.

OPINION AND ORDER

Keith Sculfield, a prisoner without a lawyer, filed a complaint (ECF 1) against five defendants. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Sculfield asserts that, beginning on March 28, 2020, when he was incarcerated at the Miami Correctional Facility, he was housed in a cell without a medical call box, which made it difficult for him to get medical care. ECF 1 at 2. He states he suffers from a painful hernia and, when he needed medical care, he had to yell to prison guards through a steel door. *Id*. Sculfield further asserts that his cell had black mold that leaked from a hole in the wall because of a defective toilet. *Id*. When he woke

up in the morning, he could smell the mold and see it draining onto his floor. *Id*. at 2-3. Sculfield claims the maintenance staff knew about the mold but did not fix it. *Id*. at 3. The mold caused Sculfield to have breathing and sleeping difficulties, eye irritation, depression, and headaches. *Id*. Sculfield coughed up "black stuff." *Id*. Thus, according to Sculfield, his living conditions were inhumane and violated his Eighth Amendment rights against cruel and unusual punishment. *Id*.

Sculfield has sued Warden Hyatte, Deputy Warden Payne, Administration at Large, and two maintenance officers, John Doe #1 and John Doe #2. However, other than simply listing these defendants in the caption of his case, he never mentions them in the body of his complaint. Furthermore, to the extent he has sued Warden Hyatte and Deputy Warden Payne, a lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Here, Sculfield has not alleged that Warden Hyatte and Deputy Warden Payne were personally involved in the alleged constitutional violations. As to defendants Administration at Large, John Doe #1, and John Doe #2, Sculfield cannot proceed against unnamed defendants. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the

plaintiff."). Accordingly, Sculfield has not explained how these defendants violated his rights and, even if he had, he cannot proceed against them.

While Sculfield's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In his amended complaint, Sculfield should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Keith Sculfield;

(2) GRANTS Keith Sculfield until **August 9, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Keith Sculfield that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on July 9, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT